UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-9893 JGB (SHKx)** | Date | January 22, 2021 |
|---|---|---|---|
| Title | *Immigrant Defenders Law Center, et al. v. Chad Wolf, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) DENYING Defendants' Motion to Transfer Venue (Dkt. No. 103); and (2) VACATING the January 25, 2021 Hearing (IN CHAMBERS)

  Before the Court is a Motion to Transfer Venue filed by Defendants. ("Motion," Dkt. No. 103.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court DENIES the Motion. The Court vacates the hearing set for January 25, 2021.

### I.   BACKGROUND

  On October 28, 2020, a group of asylum seekers ("Individual Plaintiffs") and legal advocacy organizations ("Organizational Plaintiffs") filed a Complaint for Injunctive and Declaratory Relief against Defendants. ("Complaint," Dkt. No. 1.) The Complaint challenges the application of the Migrant Protection Protocols, also known as MPP. Id.

  On November 9, 2020, Plaintiffs filed emergency motions for provisional class certification and preliminary injunction. (See Dkt. Nos. 35, 36.) In the Motion for Certification, Plaintiffs seek to provisionally certify the following class: "All noncitizens who (1) expressed or will express a fear of persecution in their home countries or a desire to seek asylum; (2) were or will be subject to the Migrant Protection Protocols; and (3) presented, will present, or have been directed to present themselves at the San Ysidro or Calexico ports of entry." (Dkt. No. 36 p. 1.) Defendants opposed on November 24, 2020; their opposition included arguments that venue in

the Central District is improper.  (See Dkt. Nos. 87, 88.)  On December 14, 2020, the Court held telephonic hearing on Plaintiffs' Motions, which are still under submission.

On December 11, 2020, Defendants filed the instant Motion, which seeks to transfer venue to the Southern District of California pursuant to 28 U.S.C. § 1404(a) and the First-to-File Rule.  (Motion.)  Plaintiffs opposed on January 4, 2021.  ("Opposition," Dkt. No. 106.)  On January 11, 2021, Defendants replied.  ("Reply," Dkt. No. 107.)

## II.   LEGAL STANDARD

A district court may transfer a civil action "to any other district or division where it might have been brought," if doing so is for "the convenience of parties and witnesses" and "in the interests of justice."  28 U.S.C. § 1404(a)–(b).  In order for transfer to be proper, a defendant must first establish that the matter "might have been brought" in the district to which transfer is sought.  28 U.S.C. § 1404(a).  This requires personal jurisdiction, subject matter jurisdiction, and a showing that venue would have been proper had the action been filed in the desired district.  Metz v. U.S. Life Ins. Co. in City of New York, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009).  Following such a showing, the court must balance three factors: (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interests of justice.  28 U.S.C. § 1404(a); Pfeiffer v. Himax Technologies, Inc., 530 F. Supp. 2d 1121, 1123 (C.D. Cal. 2008).  Though broadly defined, the "interests of justice" may also involve consideration of:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).  The court may also consider other factors, including judgment enforceability, relative court congestion in each prospective forum, and judicial economy.  Metz, 674 F. Supp. 2d at 1146.

## III.   DISCUSSION

### A. Jurisdiction and Venue

Venue is proper in the Central District because the lead Plaintiff, Immigrant Defenders Law Center, is headquartered here.  (Complaint.)  No Individual Plaintiff currently resides in either the Central or Southern Districts; Individual Plaintiffs are citizens of Guatemala, Venezuela, Honduras, Cuba, and Nicaragua currently residing on the Mexican side of the U.S. Mexico border.  (Id.)  Defendants are all residents of the District of Columbia.  (Id.)

Defendants' belief that Individual Plaintiffs would be better served by the Southern District is irrelevant. Plaintiffs correctly articulate that Defendants "cannot assert plaintiff's inconvenience in support of a motion to transfer under 28 U.S.C. § 1404(a)." Wireless Consumers All., Inc. v. T-Mobile USA, Inc., 2003 WL 22387598, at *4 (N.D. Cal. Oct. 14, 2003). And though Defendants devote substantial space to the convenience of Individual Plaintiffs in their capacity as both Plaintiffs and fact witnesses, (see Motion 6-7,) Defendants lose a simple fact: Individual Plaintiffs are transient. This case concerns prospective asylees, and seeking asylum involves moving from one place to another. Common sense dictates that Plaintiffs are not at the U.S. Mexico border because they seek to live as close to the border as possible. They are at the border because they seek to live in the United States. If Plaintiffs' prospective class is granted the relief sought, its members will move—following jobs, family members, or communities which might welcome them. In contrast, Organizational Plaintiffs are not transient. Immigrant Defenders Law Center is unlikely to change its address soon; movement is not inherent to the status of being a legal services provider. Section 1404 does not demand courts eschew the clear convenience of a Plaintiff who will not move (ImmDef) for the perceived convenience of Plaintiffs actively seeking the ability to move (Individual Plaintiffs).

**B. Convenience of Parties and Witnesses**

Convenience to relevant witnesses "is often the most important factor" in determining whether a court should transfer venue. Amini Innovation Corp. v. JS Imports, Inc., 497 F. Supp. 2d 1093, 1111 (C.D. Cal. 2007). Defendants argue that because Plaintiffs' proposed class is composed of individuals who have "presented, will present, or have been directed to present themselves at the San Ysidro or Calexico ports of entry," all of the most important witnesses in this action are located within the Southern District. (Motion 6.) This argument does not hold. Lead Plaintiff Immigrant Defenders Law Center is headquartered in Los Angeles with multiple offices within the Central District. (Opposition 5.) And Individual Plaintiffs are not in the Southern District—they are in Mexico. Absent judicial relief or change in policy, they will remain in Mexico. If Individual Plaintiffs become able to enter the United States, there is no guarantee they will reside in the Southern District. For example, Plaintiff Daniel Doe intends to reside with his cousin within this District if he is released into the United States. (Id.) The convenience of parties does not favor transfer.

Defendants also argue that "the most important witnesses in this case will likely be those government officials with knowledge of MPP's implementation at the San Ysidro and Calexico ports of entry," whom they claim reside in the Southern District. (Motion 7.) In support of this point, Defendants cite Al Otro Lado, Inc. v. Kelly, 2017 WL 10592130, at *3 (C.D. Cal. Nov. 21, 2017), which transferred venue from the Central District to the Southern District because "the overwhelming majority of witnesses, including the border patrol agents at the Otay Mesa and San Ysidro Ports of Entry" were located in the Southern District.

This, too, is unavailing. Plaintiffs do not seek to establish fact-specific "local policies and practices" like the plaintiffs in Al Otro Lado. (Opposition 6.) Instead, Plaintiffs "challenge the legality of the manner in which Defendants have implemented established policies and practices"

constituting MPP, "which were promulgated by Defendants in Washington, D.C., and apply uniformly across the U.S.-Mexico border." (Id.) Defendants' Oppositions to Plaintiffs' Certification Motion and Motion for Preliminary Injunction are instructive. (See Dkt. Nos. 88, 89.) In support of these Oppositions, Defendants filed the Declaration of James McCament (Dkt. No. 89) and the Declaration of Matthew Davies (Dkt. No. 90). Mr. McCament is the Deputy Under Secretary of the Office of Strategy, Policy, and Plans of the U.S. Department of Homeland Security. (Dkt. No. 89.) Mr. Davies is the Acting Executive Director for Admissibility and Passenger Programs, Office of Field Operations within U.S. Customs and Border Protection. (Dkt. No. 90.) Both are government officials with knowledge of MPP's implementation at the San Ysidro and Calexico ports of entry, but neither has indicated that he is located in the Southern District.

### C. The Interests of Justice

#### 1. Plaintiffs' Choice of Forum

Defendants argue that Plaintiffs' choice of forum should receive no deference. (Motion 9-10.) Even the authorities they cite do not support this proposition. (Id.) Though a plaintiff's choice of forum is "given less weight" when he brings a class action, Al Otro Lado, 2017 WL 10592130, at *2, less weight is not the same as no weight. Plaintiffs' choice here counsels against transfer.

#### 2. Contacts with the Forum and Access to Proof

Defendants also argue that "if discovery occurs in this case, much of the evidence will be located within the Southern District of California, where the alleged acts occurred, rather than the Central District of California, where none of the alleged acts occurred." (Motion 13.) This is a strange contention, principally because it lacks insight into what kind of evidence is envisioned. Documents? Testimony? Items? In other words, Defendants "fail to identify specific records, the importance of the records, or that they are so voluminous that it would be difficult to transport them to the Central District." Fekrat v. United States, 2013 WL 12131739, at *5 (C.D. Cal. May 6, 2013).

Plaintiffs articulate more specific evidentiary offerings. (Opposition 13.) They argue that to the extent there are crucial documents located in the Southern District, such documents are likely digital, and advances in technology have made it possible for digital files to be easily transported. (Id.) Moreover, Plaintiffs predict that fact witnesses will be located in Mexico, the Central District, the Southern District, and Washington D.C., and expert witnesses in this case are likely to be located in Mexico, New York, Washington, D.C., France, and Northern California. (Id.)

//
//
//

### 3. Costs of Litigation

Defendants finally assert that costs of litigation will be reduced if this case is transferred. (Motion 16-17.) This is speculative; and depends on a contention dismissed above—the idea that all material witnesses are located in the Southern District. (Id.) As discussed above, prospective class members are currently dispersed throughout Mexico and would have no special obligation to stay within the Southern District if released into the United States. The Government's witnesses are likely to be located in Washington, D.C. Transfer would not reduce the costs of litigation.

### D. The First-to-File Rule

The first-to-file rule allows a district court to transfer, stay, or dismiss an action if a case with substantially similar issues and parties was previously filed in another district court. Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94 (9th Cir. 1982). Defendants argue that Doe et al. v. Wolf, 19-cv-2119 (S.D. Cal.), was filed before the instant case and thus counsels this case's venue transfer.[1] Doe is also a class action; its class consists of individuals who are (1) "detained in CBP custody in California," (2) "awaiting or undergoing non-refoulement interviews pursuant to [MPP]," and (3) "who have retained lawyers." Doe v. Wolf, 424 F. Supp. 3d 1028, 1035 (S.D. Cal. 2020).

Though the Doe class is similar to the proposed class in this case—both are challenges to MPP—the two are distinct enough to not be substantially similar. As Plaintiffs point out, the proposed class in this case includes at least 4,000 individuals; the Doe case has an approximate class size of 46 people. (Opposition 16.) More crucially, by definition, each class is distinct. All of the Doe plaintiffs are detained in CPB custody in California and all have lawyers; Individual Plaintiffs and their proposed class are in Mexico and argue that the conditions in Mexico amount to denial of the right to counsel. If relief is granted in this case, there may be some overlap in class membership, but even that does not give rise to substantial similarity. If Doe plaintiffs prevailed in litigation tomorrow, nothing would change for the proposed class here. The first-to-file rule does not apply.

### IV.   CONCLUSION

The decision "to transfer requires an individualized, case-by-case consideration of convenience and fairness." Jones, 211 F.3d at 498. An individualized assessment of this case does not indicate that transfer to the Southern District is in the interest of justice.

---

[1] Defendants also argue that E.A.R.R. et al. v. U.S. D.H.S., et al., Case No. 3:20-cv-02146 (S.D. Cal.) additionally counsels transfer under the first-to-file rule. (Motion 15.) However, Defendants admit (as they must) that E.A.R.R. was filed after this case. (Id.) First-to-file is not applicable in this circumstance.

For the reasons above, the Court DENIES Defendants' Motion.  The January 25, 2021 hearing is VACATED.

**IT IS SO ORDERED.**